C

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In Re: | ) |
| | ) **JUDGE RICHARD L. SPEER** |
| Timothy S. Earnest | ) |
| | ) Case No. 12-3040 |
| Debtor(s) | ) |
| | ) (Related Case: 11-36044) |
| NCM Enterprises Sand and Stone, Ltd. et al. | ) |
| | ) |
| Plaintiff(s) | ) |
| | ) |
| v. | ) |
| | ) |
| Timothy S. Earnest | ) |
| | ) |
| Defendant(s) | ) |

## DECISION AND ORDER

This cause comes before the Court on the Plaintiffs' Motion for Summary Judgment. (Doc. No. 14). The Plaintiffs' Motion for Summary Judgment is brought in support of their Complaint to Determine Dischargeability. (Doc. No. 1). The Defendant filed a Response to the Plaintiffs' Motion, opposing the entry of a judgment of nondischargeability. (Doc. No. 24). Subsequent Memoranda were then filed by each of the Parties in support of their respective positions. The Court has now had the opportunity to review the arguments submitted by the Parties. Based upon a review of these arguments, as well as the entire record of this case, the Court finds that the Plaintiffs' Motion for Summary Judgment should be Denied.

## BACKGROUND

The Plaintiffs in this proceeding are two individuals, Nicholas and Shelly Meko, and a single business entity, NCM Enterprises Sand and Stone, Ltd. The Plaintiffs, Nicholas and Shelly Meko are married and are the managing members of NCM Enterprises Sand and Stone. The Defendant in

this matter is Timothy S. Earnest, who is before this Court, having filed a petition for relief under Chapter 7 of the United States Bankruptcy Code. Prior to filing for bankruptcy relief, the Defendant was the managing member of Claystone Custom Homes, LLC, a business engaged in the remodeling of homes.

In the Defendant's bankruptcy case, the Plaintiffs commenced this proceeding seeking a determination that the claim they hold against the Defendant is a nondischargeable debt. As the statutory basis for their complaint, the Plaintiffs cite to 11 U.S.C. § 523(a)(2), excepting from discharge any debt arising from a debtor's fraud, and 11 U.S.C. § 523(a)(4), generally excepting from discharge any debt arising from a debtor's embezzlement or larceny.

The dispute before the Court stems from a prepetition business relationship maintained between the Parties. The substance of the Parties' business relationship involved the Defendant providing needed capital to the Plaintiffs' business operations. In exchange, the Defendant would receive an ownership interest in the Plaintiffs' business. In 2007, however, as the result of a deterioration of their business relationship, the Defendant brought suit in state court against the Plaintiffs and a number of other parties.

In the state-court suit, the Defendant made a number of claims, including claims for Intentional Interference with Business Relationship, Fraud, Unjust Enrichment and Breach of Contract. In response, the Plaintiffs filed an Answer, denying the substantive allegations raised in the Defendant's Complaint. The Plaintiffs also filed a counterclaim against the Defendant and the Defendant's business, Claystone Custom Homes.

In their counterclaim, the Plaintiffs made claims against the Defendant for Conspiracy, Fraud, Misrepresentation, Breach of Fiduciary Duty, Breach of Contract, Misappropriation and Unjust Enrichment. (Doc. No. 14, Ex. C). The Defendant filed a Reply, denying the claims made by the Plaintiffs. The Parties' state-court suit then went through a number of procedural turns. Relevant here, are these events:

First, in October of 2008, Defendant's attorney was granted by the state court leave to withdraw as counsel. (Doc. No. 14, Ex. E). At this same time, the state court also dismissed the claims of the Defendant with prejudice. *Id.* Thereafter, in November of 2009, the Plaintiffs filed a Motion for Summary Judgment on their counterclaims against the Defendant, asking that they be awarded a monetary judgment in their favor for the sum of $378,453.24. The Defendant, who at this time was residing in Florida, did not file a response to the Plaintiffs' Motion for Summary Judgment.

On January 11, 2010, the state court granted the Plaintiffs' Motion for Summary Judgment. In finding for the Plaintiffs, the court's judgment entry provided:

> This matter comes before the Court on the Motion of Defendants NCM Enterprises Sand and Stone, Ltd, Nicholas C. Meko and Shelly C. Meko for summary judgment against plaintiffs Timothy S. Earnest and Claystone Custom Homes, LLC. The Court being duly advised in the premise, and for good cause shown,
>
> IT IS ORDERED, that judgment is hereby entered in favor of Defendants NCM Enterprises Sand and Stone, Ltd, Nicholas C. Meko and Shelly C. Meko against Plaintiffs Timothy S. Earnest and Claystone Custom Homes, LLC in the amount of Three Hundred Seventy-Eight Thousand Four Hundred Fifty-three & 24/100 ($378,453.24) Dollars.

(Doc. No. 14, Ex. I). It is judgment which the Plaintiffs, by way of their action before this Court, seek a determination of nondischargeability pursuant to 11 U.S.C. § 523(a)(2) and § 523(a)(4).

## DISCUSSION

Before this Court is the Plaintiffs' Complaint to determine the dischargeability of a particular debt. A proceeding brought to determine the dischargeability of a particular debt is deemed to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). Accordingly, as a core proceeding, this Court has the jurisdictional authority to enter final orders and judgments in this matter. *Id.*; 28 U.S.C. § 1334.

NCM Enterprises Sand and Stone, Ltd. et al. v. Timothy S. Earnest
Case No. 12-3040

An individual debtor, such as the Defendant, who seeks relief under Chapter 7 of the United States Bankruptcy Code does so with the aim of receiving "an immediate unconditional discharge of personal liabilities for debts in exchange for the liquidation of all non-exempt assets." *Schultz v. U.S.*, 529 F.3d 343, 346 (6th Cir. 2008). The entry of a bankruptcy discharge generally enjoins any creditor, holding a prepetition claim against a debtor, from pursuing that claim against the debtor as a personal liability. 11 U.S.C. § 524(a). The entry of a bankruptcy discharge is intended to afford a debtor a fresh start, a core policy aim of the Bankruptcy Code. *Grogan v. Garner*, 498 U.S. 279, 286–87, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

Other policy aims, however, have also given rise to certain categories of debts which are excluded from the scope of a bankruptcy discharge. The types of debts not subject to the bankruptcy discharge are set forth in § 523(a) of the Bankruptcy Code. In this matter, the Plaintiffs cite to paragraphs (2) and (4) of § 523(a) as the statutory basis for their complaint to determine dischargeability.

> Respectively, paragraphs (2) and (4) of § 523(a) provide in relevant part:
>
> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–
>
>> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by–
>>
>>> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
>>
>> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny[.]

For these provisions, the Plaintiffs bear the ultimate burden of persuasion to establish, by at least a preponderance of the evidence, their applicability. *Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). In addition, so as to further the fresh-start policy of the Bankruptcy

NCM Enterprises Sand and Stone, Ltd. et al. v. Timothy S. Earnest
Case No. 12-3040

Code, these statutory exceptions to dischargeability under § 523(a) are to be narrowly construed in favor of the Defendant. *Monsanto Co. v. Trantham (In re Trantham)*, 304 B.R. 298, 306 (6th Cir.B.A.P. 2004), *citing Meyers v. I.R.S. (In re Meyers)*, 196 F.3d 622, 624 (6th Cir.1999).

On their complaint to determine dischargeability, the Plaintiffs have filed a Motion for Summary Judgment. The standard for summary judgment is set forth in Rule 56(a) of the Federal Rules of Civil Procedure, as made applicable to this Court by Bankruptcy Rule 7056. Under Rule 56(a), it is provided that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

As the basis for their Motion for Summary Judgment, the Plaintiffs rely on the legal doctrine of collateral estoppel, otherwise known as issue preclusion. This doctrine holds that "[w]hen an issue of ultimate fact has been determined by a valid judgment, that issue cannot be again litigated between the same parties." BLACK'S LAW DICTIONARY 260 (6th ed. 1990). "The purposes of collateral estoppel are to shield litigants (and the judicial system) from the burden of re-litigating identical issues and to avoid inconsistent results." *Gilbert v. Ferry*, 413 F.3d 578, 580 (6th Cir. 2005).

Unlike its preclusionary counterpart, res judicata – which holds that as between parties and their privies, a prior judgment on the merits is an absolute bar to a subsequent action alleging the same claims – the doctrine of collateral estoppel may apply in the type of proceeding now before the Court, concerning the nondischargeability of a claim under §§ 523(a)(2) and (a)(4). *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205 (1979). In a situation such as this, where the judgment sought to be afforded preclusive effect is rendered in a state court, that state's law must be applied. 28 U.S.C. § 1738; *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 374, 105 S.Ct. 1327, 1328, 84 L.Ed.2d 274 (1985); *Bay Area Factors, Inc. v. Calvert (In re Calvert)*, 105 F.3d 315, 317 (6th Cir.1997). Accordingly, in this matter, since the judgment the Plaintiffs rely upon for the application of the collateral estoppel doctrine was rendered by an Ohio state court, the law in Ohio regarding collateral estoppel will be applied.

Page 5

NCM Enterprises Sand and Stone, Ltd. et al. v. Timothy S. Earnest
Case No. 12-3040

In *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, the Ohio Supreme Court held that the doctrine of collateral estoppel "applies when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action." 120 Ohio St.3d 386, 392, 899 N.E.2d 975, 982 (2008), *citing Thompson v. Wing*, 70 Ohio St.3d 176, 183, 637 N.E.2d 917 (1994).

In seeking to have the doctrine of collateral estoppel applied in this case, the Plaintiffs focused their attention on the first requirement of Ohio's collateral estoppel doctrine – that the issue or fact to be precluded must have been actually and directly litigated in the prior action. In focusing on this requirement, the Plaintiffs sought to counter any assertion on the part of the Defendant that, since he was out-of-state and did not have local legal counsel, he did not have a fair opportunity to respond to, and thus to "actually litigate," the Plaintiffs' state-court motion for summary judgment. This concern of the Plaintiffs is premised on a basic facet of Ohio's doctrine on collateral estoppel.

Generally speaking, Ohio law holds that if a party does not defend in an action, and a judgment is rendered by default, the doctrine of collateral estoppel is not applicable. *Sliva v. May (In re May)*, 321 B.R. 462, 465 (Bankr.N.D.Ohio 2004). The reasoning for this is straightforward: the defaulting party did not actually litigate any issue or fact necessary for the judgment. *Id.* This rule, however, is not absolute, and an issue or fact may be considered "actually litigated" for collateral estoppel purposes, despite a party's failure to defend, so long as the party had the opportunity to meaningfully participate in the action.[1]

---

[1]

*See Sill v. Sweeney (In re Sweeney)*, 276 B.R. 186, 193-94 (6th Cir. B.A.P. 2002) (interpreting Ohio law, and holding that, even though a judgment is rendered by default, it does not preclude a finding that an issue was actually litigated for purposes of collateral estoppel); *Ronk v. Maresh (In re Maresh)*, 277 B.R. 339, 346-47 (Bankr. N.D.Ohio 2001) (applying Ohio law and holding that collateral estoppel may apply when a judgment is entered by default as a discovery sanction). *See also In re Catt*, 368 F.3d 789, 792 (7th Cir. 2004) (in the context of collateral estoppel, "due process does not require in every case either a hearing or that a particular issue be 'actually litigated'; it requires that the party sought to be precluded have had an opportunity

Page 6

This is the position put forth by the Plaintiffs. According to the Plaintiffs:

> the Defendant actively participated in the state court litigation for over a year and was in fact the individual that initiated the state court litigation by filing a complaint. Defendant is painting his default argument with too broad of a brush. Comparing Defendant's case, where he actively litigated and participated in the case for over a year, with that of a hypothetical defendant who completely fails to participate in a case at all, is simply too attenuated of an argument to hold weight.

(Doc. No. 26, at pg. 2). On this position as put forth by the Plaintiffs, it is evident that the Defendant cannot complain that he was deprived of a meaningful opportunity to defend against the Plaintiffs' state-court motion for summary judgment, and the judgment subsequently rendered against him.

First, it was the Defendant who initiated the suit in state court, with the Defendant thereafter fully participating in that litigation for an extended period of time. Moreover, even after his state-court complaint was dismissed, there remained the Plaintiffs' counterclaim. Importantly, for this purpose, the information presented to the Court shows that when the Defendant relocated to Florida, notices of the matters concerning the counterclaim, including the Plaintiffs' motion for summary judgment, were sent to the Defendant's address in Florida. Such notices, therefore, may be said to comport with the due process requirement as having been reasonably calculated to apprise the Defendant of the matters against him. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950) (due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.").

Under these circumstances, the Court will not apply Ohio law so as to shield the Defendant from the "actually litigated" component of the collateral estoppel doctrine. To conclude otherwise, would reward the Defendant for his inaction. Even so, a fatal deficiency still exists for the Plaintiffs.

---

for a hearing.").

NCM Enterprises Sand and Stone, Ltd. et al. v. Timothy S. Earnest
Case No. 12-3040

Pursuant to the above decision of the Ohio Supreme Court in *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, the doctrine of collateral estoppel will only apply to a judgment entered by an Ohio court if the fact or issue to be precluded was actually "passed upon and determined" by the court. In this matter, the judgment entered by the state court on the Plaintiffs' motion for summary judgment did not make any specific findings-of-fact. Instead, in ruling for the Plaintiffs on their motion for summary judgment, the state court simply provided this boilerplate language: "The Court being duly advised in the premise, and for good cause shown" a "judgment is hereby entered in . . .the amount of Three Hundred Seventy-Eight Thousand Four Hundred Fifty-three & 24/100 ($378,453.24) Dollars."

In an action brought under either § 523(a)(2) or § 523(a)(4), it is generally necessary to show that the debtor specifically intended to cause an injury.[2] The state-court judgment, however, lacking any specific findings of fact and using only boilerplate language, leaves this Court with nothing from which to assess the basis for the state court's decision. Therefore, within its four corners, the state-court judgment provides no basis from which it can be concluded that the court actually passed upon and determined any issue that could be equated with the type of intentional conduct necessary to sustain a nondischargeability action under either § 523(a)(2) or § 523(a)(4). Additionally, whether the Defendant committed the type of intentional conduct necessary to hold a debt nondischargeable cannot, as suggested by the Plaintiffs, be inferred from the imposition of liability against the Defendant in the state-court judgment.

In their state-court counterclaim, the Plaintiffs set forth a number of claims, including that for Conspiracy, Fraud, Misrepresentation, Breach of Fiduciary Duty, Breach of Contract,

---

[2] *See Hoffman v. Anstead (In re Anstead)*, 436 B.R. 497, 500 (Bankr.N.D.Ohio 2010) ("With the exception of defalcation under § 523(a)(4), each of the statutory exceptions to dischargeability cited by the Plaintiffs have a commonality: scienter – that is, a specific intent to actually do the harm, whether it is an intent to defraud/deceive under § 523(a)(2), an intent to misappropriate another's property under § 523(a)(4); or the intentional injury to another's property under § 523(a)(6).

Page 8

Misappropriation and Unjust Enrichment. In finding for the Plaintiffs on their motion for summary judgment, however, the state court did not specify which of these claims (or combination thereof) formed the basis for its decision. Given the nature of the claims raised by the Plaintiffs, this lack of specificity on the part of the state-court makes it impossible to determine whether the court actually passed upon and determined the Defendant's degree of culpability as would be necessary to sustain a finding of nondischargeablity under § 523(a)(2) or § 523(a)(4).

On the one side, the imposition of liability for Conspiracy, Fraud and Misrepresentation would, in all likelihood, sustain a finding of nondischargeability under § 523(a)(2) and/or § 523(a)(4), with the facts and evidence necessary to sustain these state-law claims overlapping with the Plaintiffs' claims to determine dischargeability. *See Ed Schory & Sons, Inc. v. Francis (In re Francis)*, 226 B.R. 385, 389 (6th Cir. B.A.P. 1998) (holding that, for collateral estoppel purposes, the "bankruptcy court properly found that the elements of a dischargeability claim under 11 U.S.C. § 523(a)(2)(A) are virtually identical to the elements of a fraud claim in Ohio.").

At the same time, the facts and evidence necessary to sustain the Plaintiffs' state-law claims for Breach of Contract and Unjust Enrichment would not necessarily give rise to a nondischargeable debt under either § 523(a)(2) and/or § 523(a)(4). *See Hoffman v. Anstead (In re Anstead)*, 436 B.R. 497, 502 (Bankr. N.D.Ohio 2010) (under Ohio law, "a claim for 'unjust enrichment' is not at all defined by reference to a person's intentions, but is rather defined in terms of the effect a person's actions had on another."); *Bartson v. Marroquin (In re Marroquin)*, 441 B.R. 586, 593 (Bankr. N.D.Ohio 2010) (observing that breach of contract does not, alone, give rise to a nondischargeable debt.).

For these reasons, the Court concludes that the Plaintiffs have not shown that the issues pertaining to their dischargeability complaint under § 523(a)(2) and § 523(a)(4) were previously "passed upon and determined" by the state court. Therefore, the Plaintiffs, having failed to establish a necessary element of the collateral estoppel test as espoused by the Ohio Supreme Court in *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, cannot have the Defendant precluded from litigating in

Page 9

NCM Enterprises Sand and Stone, Ltd. et al. v. Timothy S. Earnest
Case No. 12-3040

this Court the issue of nondischargeability. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Motion of the Plaintiffs for Summary Judgment, be, and is hereby, DENIED.

*IT IS FURTHER ORDERED* that a Continued PreTrial is hereby set for Wednesday, April 3, 2013, at 2:00 P.M., in Courtroom No. 1, Room 119, United States Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio.

Dated: March 1, 2013

Richard L. Speer
United States
Bankruptcy Judge

CERTIFICATE OF SERVICE

Copies of the foregoing Decision and Order have been sent this 1st day of March, 2013 by ordinary U.S. Mail to:

Timothy S. Earnest
6107 Jeffrey Lane
Sylvania, OH 43560-3622

Elliot H Feit
420 Madison Ave
1010 Ohio Bldg
Toledo, OH 43604

Nicholas C. Meko
P.O. Box 118
Swanton, OH 43558

Shelly C Meko
PO Box 118
Swanton, OH 43558

NCM Enterprises Sand and Stone, Ltd.
P.O. Box 118
Swanton, OH 43558

Thomas D Pigott
2620 N. Centennial Rd.
Unit H
Toledo, OH 43617-1800

/s/ Sherry Huyman
Deputy Clerk, U.S. Bankruptcy Court